USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                  :

JOSE ORTIZ,                                            :

                     Plaintiff,                  :      **MEMORANDUM ORDER**

        -against-                   :      18-CV-4516 (JLC)

ANDREW M. SAUL,
Commissioner, Social Security
Administration,

                    Defendant.
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      In an Opinion and Order dated September 25, 2019, familiarity with which is assumed, the Court remanded this case to the Commissioner of the Social Security Administration for further administrative proceedings, and in doing so, *sua sponte* imposed a 120-day time limit on the remand proceedings, directing that Ortiz be paid benefits if the time limit was not met. Judgment was entered on September 26, 2019.

      The Commissioner now seeks to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, arguing that the Court erred in placing a time limit on the remand proceedings, and in ordering the payment of benefits based on the passage of time. Specifically, the Commissioner contends that controlling Second Circuit precedent, the Appropriations Clause of the United States Constitution, and the doctrine of sovereign immunity prohibit the award of

benefits if the time limit is exceeded. *See* Commissioner's Memorandum of Law ("Def. Mem."), Dkt. No. 31, at 11–15.[1]

In support of his motion, the Commissioner cites *Bush v. Shalala*, 94 F.3d 40, 45 (2d Cir. 1996), in which a disability claim had been pending in various courts for more than ten years. The district court, "outrage[d]" at the delay, remanded for calculation of benefits. *Id.* at 46. The Second Circuit reversed, holding that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Id.*

The Commissioner also directs the Court's attention to *Butts v. Barnhart*, 416 F.3d 101 (2d Cir. 2005), in which a divided Second Circuit distinguished *Bush* by pointing to the fact that it was "reviewing an ALJ's decision at step five, rather than step four, of the five-step inquiry. At step five, the disability has been shown, and 'the burden . . . shifts to the [Commissioner] to prove . . . that the claimant is capable of working.'" 416 F.3d at 103 (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000)). According to the majority, "the evidence at the fifth stage would compel a finding that Butts was disabled absent the Commissioner's meeting her burden of making a contrary showing." *Butts*, 416 F.3d at 104; *see also id.* ("[O]n the present record, the ordering of a benefits calculation was hardly out of the question. After all, Butts has proven his case, and the Commissioner has run out of time to meet her step five burden.").

---

[1] Ortiz filed a memorandum opposing the Commissioner's motion, Dkt. No. 32, and the Commissioner filed a reply, Dkt. No. 33.

Although the dissent disagreed that "a presumptive 'disability' exists once the claimant has shown at step four an inability to perform his previous work," *id.* at 108, it appears that *Butts* stands generally for the proposition that a district court may consider enforceable time limits if it is reviewing an ALJ's decision at step five, rather than step four, of the five-step inquiry.

Upon reconsideration, the Court finds that such an articulation is premised on the inability to do one's prior work established at step four. *See, e.g., Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 355–56 (E.D.N.Y. 2010) ("When an ALJ proceeds to step five of the sequential analysis, he has necessarily determined that the claimant suffers a severe impairment (step two), which renders him unable to perform his past work (step four). Once such inability to work is established, the claimant is relieved of his burden; he need prove nothing more to establish disability. He thus holds a presumption of disability unless and until the Commissioner at step five *proves* that there are in fact jobs that the claimant is capable of performing, despite his established limitations.") (citation omitted). Such a proposition would not necessarily apply, however, where there was no prior work performed, as is the case here.

Indeed, the *Butts* majority's disagreement with the dissent reflects that its holding, at its core, applies only when the claimant is deemed presumptively disabled. *Compare Butts*, 416 F.3d at 104 ("[O]ur holding is limited to cases where the claimant is entitled to benefits absent the Commissioner's providing expert vocational testimony about the availability of appropriate jobs. . . . The problem of

3

awarding benefits without supporting findings that so concerns the dissent is, therefore, illusionary in the present circumstances.") *with id.* at 108 ("The only conclusion established at step four—the inability to do one's prior work—may say nothing at all about 'disability' as defined in the statute, or as commonly understood."). Therefore, although *Butts* involved a plaintiff who had already demonstrated disability by showing that his impairment interfered with his capacity to perform his past relevant work, the Circuit's decision, properly interpreted, instructs that where a plaintiff's disability has not yet been established, notwithstanding the ALJ reaching step five, courts should decline to place specific time limits on remand proceedings.

Here, Ortiz has not yet demonstrated that he is presumptively entitled to benefits. Although his application for benefits was denied at step five, the Court remanded because the record was not fully developed regarding Ortiz's residual functional capacity, not because it conclusively established a disability absent contrary evidence offered by the Commissioner. Ortiz has only established to date that he suffers from a severe impairment (step two). Without more, such as meeting or equaling a listing (step three) or possessing past relevant work against which the ALJ can measure his residual functional capacity (step four), merely reaching step five is not enough to warrant a finding of disability such that a time limit can be imposed under penalty of a calculation of benefits. Because the ALJ's decision, as it stands, does not compel a finding of disability, the Court concludes that *Butts* does not apply in the current posture of this case and it therefore erred

4

in placing time limits on the remand proceedings (and the potential payment of benefits based on the passage of time). *See*, *e.g.*, *Murphy v. Saul*, No. 17-CV-6966 (FB), 2019 WL 5963647, at *1 (E.D.N.Y. Nov. 13, 2019) (without disability "conclusively established," *Butts* deemed inapplicable and directive vacated to "immediately calculate benefits" if time limits exceeded); *Martin v. Berryhill*, No. 17-CV-8640 (VSB) (SN), 2019 WL 1756434, at*7 (S.D.N.Y. Feb. 20, 2019) ("In other words, *Butts* applies only when the burden has shifted at step five of the evaluation process and the claimant is deemed presumptively disabled.") (citation omitted), *adopted by* 2019 WL 1755425 (S.D.N.Y. Apr. 19, 2019); *Martinez v. Colvin*, No. 15-CV-3366 (PGG) (HBP), 2016 WL 11483844, at *21 n.42 (S.D.N.Y. Aug. 22, 2016) ("Here, in contrast, whether or not plaintiff has a disability at all . . . remain[s an] open question[]. Therefore, *Butts* is inapplicable."), *adopted by* 2016 WL 5338554 (S.D.N.Y. Sept. 23, 2016); *Uffre v. Astrue*, No. 06-CV-7755 (GWG), 2008 WL 1792436, at *8 (S.D.N.Y. Apr. 18, 2008) ("The Court is unaware of any case that has set a time limit where the claimant had not yet been determined to be disabled."). In light of its conclusion based on *Butts* and its progeny, the Court need not reach the Commissioner's arguments under the Appropriations Clause and the doctrine of sovereign immunity.

Accordingly, the Court grants the Commissioner's motion and vacates its prior Opinion and Order to the extent that it placed a time limit on the remand proceedings and directed the immediate calculation of benefits if the imposed time

limit was exceeded. The Clerk is directed to close Docket No. 30 and mark it as granted.

**SO ORDERED.**

Dated: December 4, 2019
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge